

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

October 31, 2022

RECEIVED

Loren Washburn
Armstrong Teasdale
lwashburn@atllp.com

JAN 1 8 2023

AT 8:30_____M
WILLIAM T. WALSH
CLERK

      Re:    <u>Plea Agreement with Ralph Anderson</u>
               Criminal Action No. 23-40 (MAS)

Dear Counsel:

     This letter sets forth the plea agreement between your client, Ralph Anderson, and the United States Attorney for the District of New Jersey and the U.S. Department of Justice, Tax Division ("this Office").

<u>Charge</u>

     Conditioned on the understandings specified below, this Office will accept a guilty plea from Anderson to a one-count Information. The Information charges that, from at least July 2013 through December 2019, Anderson knowingly participated in a scheme to defraud the IRS by organizing, marketing, implementing, and selling tax shelters in the form of fraudulent syndicated conservation easements, and by using means and methods intended to deceive the IRS about the legitimacy of those transactions and about the circumstances under which the fraudulent tax shelters were marketed and implemented in violation of 18 U.S.C. § 371.

     If Anderson enters a guilty plea and is sentenced on that charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Anderson for the conduct described in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Anderson agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Anderson may be commenced against him, notwithstanding the expiration of the limitations period after Anderson signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Anderson agrees to plead guilty carries a statutory maximum prison sentence of 5 years' imprisonment and statutory maximum fine equal to the greater of $250,000, or twice the value of the property involved in the transaction (18 U.S.C. § 3571(b)(2), (b)(3) and (d)). Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Anderson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Anderson ultimately will receive.

Further, in addition to imposing any other penalty on Anderson, the sentencing judge: (1) will order Anderson to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which must be paid by the date of sentencing; (2) may order Anderson to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may deny Anderson certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 18 U.S.C. § 3583, may require Anderson to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Anderson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Anderson may be sentenced to a term of imprisonment of not more than two (2) years, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Anderson agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, in the amount of $3,497,574 to the IRS. The restitution amount shall be paid according to a plan to be established by the Court. The parties further agree that the total restitution shall be reduced by any payments made to the Court or to the IRS by other responsible parties.

The Court will order Anderson to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release.  The IRS will use the restitution order as the basis for a civil assessment.  See 26 U.S.C. § 6201(a)(4).  Anderson does not have the right to challenge the amount of this assessment.  See 26 U.S.C. § 6201(a) (4) (C).  Neither the existence of a restitution payment nor Anderson's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Additionally, Anderson agrees to make full restitution to the Small Business Association ("SBA") in relation to two separate loans (PPP#3148037406 and #8478558509) he fraudulently obtained under the Payroll Protection Program in an amount totaling not less than $45,431.53.  This amount consists of the principal, interest and PPP processing fee.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Anderson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Anderson's activities and relevant conduct with respect to this case.

Stipulations

This Office and Anderson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not

release either this Office or Anderson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Anderson waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Anderson understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Anderson understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Anderson wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Anderson understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Anderson waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the U.S. Department of Justice, Tax Division and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Anderson. This agreement does not prohibit the United States, any

agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Anderson.

Prior to the date of sentencing, Anderson shall: (1) file true and accurate tax returns for calendar years 2013 through 2018, or enter into a Form 2504 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment ("Form 2504 Waiver"); (2) provide all appropriate documentation to the Internal Revenue Service ("IRS") in support of such Form 2504 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on that Form 2504 Waiver, or if unable to do so, make satisfactory repayment arrangements with the IRS; (4) repay the SBA loan proceeds referenced in Schedule A; and (5) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Anderson agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Anderson. With respect to disclosure of the criminal file to the IRS, Anderson waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Anderson's tax returns and return information.

Furthermore, Anderson agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2013 through 2018, or for any other amounts paid in accordance with this agreement. Anderson agrees that the provisions set forth in the agreement concerning his obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of probation or supervised release.

No provision of this agreement shall preclude Anderson from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Anderson received constitutionally ineffective assistance of counsel.

No Other Promises

      This agreement constitutes the plea agreement between Anderson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                  Very truly yours,

                                  Philip R. Sellinger
                                United States Attorney

                                David A. Hubbert
                                Deputy Assistant Attorney General

By:   /s/
       Richard Rolwing
       Christopher Magnani
       Trial Attorneys, Tax Division
       U.S. Department of Justice

Approved:

/s/
_____
Karen E. Kelly
Chief, Southern Criminal Enforcement
Tax Division, U.S. Department of Justice

6

   I have received this letter from my attorney, Loren Washburn, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 11/21/22
Ralph B. Anderson


   I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 11/21/2022
Loren Washburn, Esq.

# SCHEDULE A

       1.    This Office and Anderson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Anderson nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Anderson within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Anderson further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

       2.    The version of the United States Sentencing Guidelines effective August 1, 2021 applies in this case.

       3.    The applicable guideline for the offense charged in the Information is U.S.S.G. § 2T1.9.

       4.    The offense charged in the Information involved a tax loss of $2,970,770.

       5.    The relevant conduct from October 2014 through December 31, 2020 involved a tax loss of $526,804. U.S.S.G. § 1B1.3.

       6.    The combined tax loss is more than $1,500,000, but not more than $3,500,000, specifically $3,497,574. That tax loss results in a Base Offense Level of 22. U.S.S.G. § § 2T1.4, 2T1.9, 2T4.1(I).

       7. The parties agree that the defendant was in the business of preparing or assisting in the preparation of tax returns, and that the 2-level enhancement from U.S.S.G. § 2T1.4(b)(1)(B) therefore does apply.

       8. The parties agree that the offense involved "sophisticated means," and that the 2-level enhancement from U.S.S.G. § 2T1.4(b)(2) does apply.

       9.    As of the date of this letter, Anderson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Anderson's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

       10.    As of the date of this letter, Anderson has assisted authorities in the investigation or prosecution of his own misconduct by timely

notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Anderson's offense level pursuant to U.S.S.G. 3E1.1(b) if the following conditions are met: (a) Anderson enters a plea pursuant to this agreement; (b) this Office in its discretion determines that Anderson's acceptance of responsibility has continued through the date of sentencing and Anderson therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a); and (c) Anderson's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12. Anderson knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23, which includes a three-level downward adjustment for acceptance of responsibility as explained above, subject to the application of U.S.S.G. § 5G1.1(b). This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude Anderson from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Anderson's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.